UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER JAY TAYLOR,

      Plaintiff,

v.                    Case No. 8:09-cv-1077-T-17MAP

DAVID GEE, Sheriff of
HILLSBOROUGH COUNTY, FLORIDA,

      Defendants.

## **ORDER**

This cause is before the Court on Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1983 civil rights complaint. (Doc. No. 11).

### Discussion

Plaintiff's filing attempts to seek some form of emergency relief for alleged violations of his due process rights, to wit: an alleged failure by one or more employees of the Defendant to fulfill certain legal research requests of the Plaintiff. However, Plaintiff has failed to allege a cognizable cause of action or allege a sufficient basis to entitle any such relief from this Court. His pleading fails to adhere to even the minimal requirements mandated for his envisioned cause of action.

### STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to

dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

FAILURE TO STATE A CAUSE OF ACTION

The gravamen of Plaintiff's claim lies in his dissatisfaction with not having unfettered access to the jail law library. He has directed this Court's attention to his legal research requests as evidence that his right of access to the courts has been denied thereby infringing upon his due process rights. In doing so he has opted not to provide the Court with a fair presentation of the truly overwhelming volume of legal research material, copies and reference items he has been provided over the past months while in the Defendant's custody. Nonetheless, Plaintiff has failed to present this Court with a sufficient factual basis to justify the relief he now seeks. First and foremost, while Plaintiff references no particular case law in support of his motion, one can infer from his previous legal argument and filings in case number 8:08-CV- 02021-T-17EAJ that the present action is a continuation of his proposition that his access to the law library, and therefore his meaningful access to the Court system is established by *Bounds v. Smith,* 430 U.S. 817 (1977).

His reliance on *Bounds* is misplaced and in any event he has still failed to establish the "actual injury" element required by Bounds and its progeny. As this Court is already

aware,[1] with regard to Plaintiff's pending criminal charges, Plaintiff has willfully and knowingly chosen to proceed "Pro-Se" under the guidance of *Faretta v. California*, 422 U.S.806 (1975). Therefore, presumably, he has been routinely advised of the limitations and difficulties he may encounter. Accordingly, as made clear in *U.S. v. Smith*, 907 F.2d 42 (6th Cir. 1990) and strongly suggested in *Lewis v. Casey*, 518 U.S.343 (1996), Plaintiff's current circumstance is inapplicable to *Bounds*. *See also, Reitmire v. Florida Attorney General, et al*, 2008 WL 341439 (M.D. Fla. 2008).

Moreover, even if *Bounds* were applicable, Plaintiff has failed to demonstrate actual injury as a result of any interference or failure on the part of the Defendant. The absence of a showing of actual harm to a claim or defense of arguable merit with regard to the Plaintiff's own basic constitutional rights is a fatal defect. *Lindsay v. Hunter*, 2008 WL 2042515 (M.D. Fla. 2008)(citing *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Lewis*, 518 U.S. at 349-351.

## COLLATERAL ESTOPPEL

Plaintiff raised substantially this same issue with this Court in case 8:08-CV-02021-T-17EAJ. Plaintiff argued, inter alia, that his Due Process Rights and Access to the Courts were being violated by not allowing him personal access to the "law library" and not affording him unrestricted and unquestioned access to request copies of legal research materials. (Doc. Nos. 1, 7) After due consideration, this Court determined that Plaintiff's allegations were lacking sufficiency under *Lewis* and made note that Plaintiff had, despite

---

[1] The Court may take judicial notice of this fact as Plaintiff verified his knowing and voluntary discharge of the public defender's office and the assistance of criminal conflict counsel in his previously filed case 8:08-CV-02021-T-17EAJ at Doc No. 7.

his assertions to the contrary, been able to file "numerous cases, with voluminous pages" during his incarceration. (Doc. Nos. 27, 36)[2]

While the Court's previous Order of dismissal was without prejudice, (Doc. No. 27) and while it is clear that Plaintiff's prior efforts suffered from procedural deficiencies, the Court did in fact consider the merits of the allegations in its subsequent Orders denying rehearings and other requested relief. (Doc. Nos. 36, 39). It is also clear that Plaintiff has previously unsuccessfully sought redress for this nearly identical issue in state court. (Doc. No. 31).

Presently, without substantially adding to the factual basis for the claim or presenting newly developed legal theory or case precedent, the Plaintiff has merely attempted to re-litigate the same claim and issue previously addressed by both this Court and the state court before whom his criminal charges are pending. The doctrine of collateral estoppel is intended to prevent just such an abuse of the judicial process. "Collateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Barnhill v. Cheery*, 2008 WL 759322 (M.D. Fla. 2008)(citing, *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). This principle is applicable even if the dismissal was based on failure to state a claim. *Barnhill* at *8.

## EMERGENCY MOTIONS

Plaintiff continues to file emergency motions related to his visit to a dentist, his confinement status, and other issues not related to the issues in his complaint. The Court

---

[2] Plaintiff's Motion for Reconsideration (Doc. No. 37) and for Miscellaneous Relief (Doc. No. 38) were subsequently denied by the Court as well. (Doc. No. 39).

has entertained and ruled on some of these motions. However, the Court will no longer entertain any motions except motions related to the claims in his civil rights complaint. Of course, Plaintiff may file a new civil rights complaint for any unrelated issue.

For the above stated reasons, the Court orders:

1. That Defendant's motion to dismiss the complaint (Doc. No. 11) is granted. The Clerk is directed to enter judgment for Defendant and to close this case.

2. That the Clerk terminate all pending motions. The Court directs Plaintiff's attention to Local Rule 3.01(e) which states, in part . . . "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."

ORDERED at Tampa, Florida, on October 21, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Christopher Jay Taylor